the transaction is not made to appear, but the facts as stated would indicate that the action was brought specifically for the conversion of that money thus separated and misappropriated. Trover will lie for money, although not specifically earmarked. Gordon v. Hostetter, 37 N. Y. 99. On the papers presented, there was enough before the court granting the attachment to disclose a cause of action for the wrongful conversion of money.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.

---

(85 App. Div. 352.)

### FERGUSON v. TOLEDO, A. A. & N. M. R. CO.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

**1. RECEIVER—ORDER OF DISCHARGE—CONCLUSIVENESS.**

    A final order of court in a receivership, discharging the receiver and directing the disposition of the funds in his hands, is binding on all the creditors until directly attacked and set aside.

**2. SAME—RIGHTS OF JUDGMENT CREDITOR.**

    The final order discharging a receiver for a railroad recited that the outstanding claims against the receivership exceeded the assets thereof, and that a newly organized company had agreed to pay all claims against the receivership, and then directed the receiver to turn over to the new company the property in his hands. *Held*, that this order did not make the new company liable for an outstanding judgment against the old company, which had never been presented to and allowed by the receiver.

Appeal from Special Term, New York County.

Action by John Ferguson against the Toledo, Ann Arbor & North Michigan Railroad Company and the Ann Arbor Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

    Mr. John M. Bower, for appellant.
    Mr. Lewis S. Haslam, for respondent.

O'BRIEN, J. The action is by a judgment creditor of the Toledo, Ann Arbor & North Michigan Railroad Company (hereafter referred to as the old company), against such company and the Ann Arbor Railroad Company (hereafter referred to as the new company), to recover the amount of a judgment entered in the office of the clerk of the Court of Common Pleas for New York county in August, 1894. The complaint was dismissed, and from the judgment so entered the plaintiff appeals.

We deem it unnecessary to refer in detail to the facts presented in this voluminous record, thinking, as we do, that there is a legal feature which is controlling and requires the affirmance of the judgment. The action was to obtain from the new company the payment of the judgment which the plaintiff had secured against the old company, and the theory upon which the plaintiff builded was that there had been paid into the receiver's hands moneys which were ap-

plicable to the payment of the claims of the general creditors of the old company, and which by the receiver had been turned over to the new one. The purpose sought, therefore, was to charge the new company to the extent that it had received moneys which were applicable to the payment of the debts of the old.

Whether the receiver was originally appointed in a judgment creditors' action brought against the old company, and subsequently, by the order extending the receivership, became also the receiver of the bondholders in the foreclosure suit on the mortgage, is immaterial so far as it being obligatory upon him to obey the orders of the court which had made him receiver, and whose officer he was. The receiver is not a party, and it cannot be seriously disputed but that it was his duty, upon applying for his discharge, to dispose of the funds and assets in his hands as directed by the court; and we think it equally true—because the order is binding and controlling on all until directly attacked and set aside—that the extent of the obligation which was incurred by the new company, to whom the funds and assets were directed to be turned over, is to be found in the order which gave to that company the possession of such funds and assets.

We are obliged to assume that, when the order discharging the receiver and requiring the funds to be turned over was made, the court had before it the question as to what should be done with the property in the hands of the receiver, and thus, incidentally, was involved the question as to whom such property belonged. If, in the suit in the United States court in which these orders were made, it could be assumed (which it cannot be) that the judge, in making a disposition of the property, had fallen into error, such error could not be corrected in this action, nor in any collateral way could the validity of the orders as made be assailed. As long, therefore, as the final order made in the suit in the United States court stands, it is binding upon all, and cannot in any collateral way be attacked, but the remedy of any person aggrieved thereby is by an intervention in the suit in which the order was made, and an application to the court or judge making the order.

We are brought, therefore, to a construction of the final order in the consolidated causes of the United States Circuit Court. From the recitals of that order it appears that it was shown to the court "that the outstanding claims and demands against the receivership * * * were * * * in excess of the outstanding current assets and choses in action of the receivership by a large amount, exceeding the cash balance in hands of the receiver, * * * and that said the Ann Arbor Railroad Company (new company) has undertaken and agreed to pay all outstanding debts and claims against said receivership." And it further appears from the order that the receiver was thereby directed to turn over to the new company the property which vested in him as such receiver under his original appointment, "or which * * * accrued to him as such receiver during the pending of such receivership." We think the terms of the order are clear and explicit, requiring the turning over of all the property in the receiver's hands to the new company, subject to the

agreement made by such company that it would pay all the outstanding debts and claims against the receivership. This was the extent of the obligation imposed by the order on the new company, and, to secure the application of any of the funds or property which were thus turned over to the new company, it would be necessary for the plaintiff to show that he had a claim against the receivership. This is not pretended, for what the plaintiff has is merely a judgment against the old company which was never presented or allowed by the receiver, and which in no way, so far as appears from this record, ever became "an outstanding debt or claim against said receivership." This, without considering the many other objections that could be urged at this late date against according to the plaintiff any such relief as in this action he seeks, is sufficient, we think, to warrant our concurring in the disposition made by the learned judge at Special Term in dismissing the complaint.

For the reason given, therefore, and for others that might be assigned, we think that the judgment appealed from must be affirmed, with costs. All concur.

